# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROSA LINDA SENDEJAS, )<br>    Plaintiff, )<br>v. )<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>    Defendant. ) | No. 3:16-CV-1636-BF |

## MEMORANDUM OPINION & ORDER

Rosa Linda Sendejas ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments, including pain in her back, neck, and hands, anxiety, inability to focus, and fatigue. Tr. 39-40, ECF No. 8-3. After her application was denied initially and upon reconsideration, a hearing was held on September 2, 2015, in Dallas, Texas, before Administrative Law Judge Donald R. Davis (the "ALJ"). Tr. 38, ECF No. 8-3. Also present at the hearing was Vocational Expert Kedra Parker (the "VE"). Tr. 38, ECF No. 8-3. Plaintiff was born on October 19, 1959 and was 55 years old at the time of the September 2, 2015 hearing. Tr. 39, ECF No. 8-3; Tr. 132, ECF No. 8-6. Plaintiff has a high school education. Tr. 39, ECF No. 8-3. The VE testified that Plaintiff's past relevant work as a loan administrator is a sedentary, skilled job. Tr. 49-50, ECF No. 8-3. On November 12, 2015, the ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act

from the alleged onset date of February 11, 2014 through the date of his decision. Tr. 14 & 27, ECF No. 8-3. The ALJ determined that Plaintiff had the following severe impairments: Sjogren's syndrome, anemia, arthritis, degenerative disc disease, fibromyalgia syndrome, GERD, obesity, hypertension, ischemic heart disease, depression, and anxiety disorder. Tr. 14, ECF No. 8-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19, ECF No. 8-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to sit for up to six hours and stand or walk for up to six hours in an eight-hour work day. Tr. 21, ECF No. 8-3. The ALJ also determined that Plaintiff could lift ten pounds frequently and twenty pounds occasionally. Tr. 21, ECF No. 8-3. The ALJ further determined that Plaintiff could handle and finger frequently, that Plaintiff could work for 2-hour intervals between breaks, but that Plaintiff should not engage in fast pace, assembly line work. Tr. 21, ECF No. 8-3. The ALJ determined that Plaintiff was capable of performing her past relevant work as a loan administrator/collateral specialist, DOT code 241.137-010, because this work does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 26, ECF No. 8-3.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A);

*Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    (1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
    (2)    an individual who does not have a "severe impairment" will not be found to be disabled;
    (3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
    (4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
    (5)    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not

subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

4

**ANALYSIS**

Plaintiff argues that the ALJ's mental RFC finding is contrary to *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995), because there is no acceptable medical source in the record that stated that Plaintiff could "work for 2-hour intervals between breaks," but "should not engage in fast pace, assembly line work." Pl.'s Br. 11, ECF No. 13. Plaintiff contends that while the Commissioner normally obtains opinions from the state agency or Disability Determination Services when determining a claimant's RFC, the ALJ in this case openly admitted that "No DDS consultant rated the mental impairments." Pl.'s Br. 14, ECF No. 13; Tr. 24, ECF No. 8-3. Plaintiff points out that this Court has repeatedly determined in cases involving psychological impairments that the ALJ's RFC finding violated *Ripley* where no medical opinion supported the limitations found by the ALJ. Pl.'s Br. 13-14, ECF No. 13 (citing *Nesbitt v. Colvin*, No. 3:12-CV-98-BN, 2013 WL 5299261, at *6 (N.D. Tex. Sept. 20, 2013); *Johnson v. Astrue*, No. 3:12-CV-4175-BK, 2013 WL 3297594, at *5 (N.D. Tex. July 1, 2013); *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013); *Turner v. Colvin*, No. 3:13-CV-1458-B (BF), 2014 WL 4555657, at *5 (N.D. Tex. Aug. 29, 2014); *Lagrone v. Colvin*, No. 4:12-CV-792-Y, 2013 WL 2013 WL 6157164, at *6 (N.D. Tex. Nov. 5, 2013)). Plaintiff argues that the ALJ's RFC finding here is similarly not supported by substantial evidence, because no acceptable medical source has identified the psychological limitations found by the ALJ. Pl.'s Br. 14, ECF No. 13.

In the response, the Commissioner argues that the ALJ properly considered the mental component of Plaintiff's case, and that Plaintiff failed to show that her mental impairments caused further limitations. Def.'s Br. 3, ECF No. 14. The Commissioner points out that, in determining Plaintiff's mental RFC, the ALJ considered Plaintiff's Patient Health Questionnaire 9 Depression

Screening completed in September of 2014 and July of 2015 that indicated that Plaintiff suffered from moderately severe and moderate depression. Def.'s Br. 4, ECF No. 14. The Commissioner also points out that Dr. Rodolfo Molina opined in July of 2015 that Plaintiff would benefit from psychotherapy and an increase in her medication, Cymbalta. Def.'s Br. 5, ECF No. 14. The Commissioner argues that, to the extent Plaintiff is arguing that the ALJ's RFC finding has to be based on the opinion of a physician, her argument is without merit, because the regulations specifically state that the responsibility for assessing a claimant's RFC rests with the ALJ. Def.'s Br. 5, ECF No. 14. Therefore, the Commissioner argues that Plaintiff failed to show that the limitations in the ALJ's RFC finding did not properly accommodate her mental impairments. Def.'s Br. 6, ECF No. 14.

In the reply, Plaintiff argues that while the Commissioner claims that the RFC finding is supported by the Patient Health Questionnaire screenings and the psychiatric examinations from September 4, 2014 and July 17, 2015 that indicated that Plaintiff had moderate and moderately severe depression, the Commissioner nor the ALJ have explained how this supports the ALJ's RFC finding for non-assembly work at two-hour intervals. Reply 3, ECF No. 15. Plaintiff further argues that while it is true that an impairment that can be remedied or controlled cannot be a basis for disability, Dr. Molina never stated that Plaintiff's condition could be controlled or cured with medication, but merely that Plaintiff could benefit from additional treatment, which does not support the contention that Plaintiff could perform competitive work activity. Reply 4, ECF No. 15. Plaintiff argues that, as was the case in *Thornhill v. Colvin*, No. 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014), the Commissioner failed to explain how Dr. Molina's prediction supports the ALJ's RFC finding for non-assembly, non-fast-paced work. Reply 4, ECF No. 15.

6

Plaintiff argues that the ALJ independently decided the effects of Plaintiff's mental impairments on her ability to perform work-related activities which is precluded by *Ripley*. Reply 5, ECF No. 15 (citing *Ripley*, 67 F.3d at 557-58).

>In *Ripley v. Chater*, the Fifth Circuit explained as follows:
>
>The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Ripley*, 67 F.3d at 557-58. Furthermore, the Court in *Thornhill* stated the following:

>The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . .While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments.

*Thornhill*, 2015 WL 232844, at *10 (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009)); s*ee also Williams*, 355 F. App'x at 832 n.6 ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Similarly, as Plaintiff points out, there is no medical opinion substantiating

the Commissioner's contention that Plaintiff can perform non-assembly work at two-hour intervals given her mental condition. Pl.'s Br. 11, ECF No. 13; Tr. 14, ECF No. 8-3. While the Commissioner references Dr. Molina's opinion that Plaintiff could benefit from additional treatment, as Plaintiff argues, this does not support the contention that Plaintiff could perform competitive work activity. Def.'s Br. 5, ECF No. 14; Reply 4, ECF No. 15; Tr. 435, ECF No. 8-10. Because the ALJ may not make a RFC determination where there is no medical opinion addressing the effects of Plaintiff's mental impairment on her ability to perform work-related activities, the ALJ's decision is not supported by substantial evidence. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at *10; *Williams*, 355 F. App'x at 832 n.6. Because remand is required based on this ground, the Court pretermits consideration of Plaintiff's remaining arguments.

## **CONCLUSION**

For the reasons stated above, the final decision of the Commissioner REVERSED and REMANDED.

SO ORDERED, this 1st day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE